UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DARLENE C ALEMAN,

Plaintiff,

v.

ASM GLOBAL AT MOSCONE CENTER,

Defendant.

Case No. 26-cv-02949-LB

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 7

**INTRODUCTION**

Plaintiff Darlene Aleman sued her employer, Defendant SMG, in state court on the ground that it violated the terms of the Collective Bargaining Agreement (CBA) between SMG and her union by (1) failing to conduct an investigation before taking disciplinary action against her, (2) terminating her employment without just cause, and (3) failing to comply with the grievance procedures set forth in the CBA.[1] SMG removed the case to federal court on the ground that the subject matter of the complaint is governed by the CBA, and thus the plaintiff's claims for breach of contract, wrongful termination, and failure to reinstate are preempted by § 301 of the Labor Management Relations Act (LMRA).[2] SMG then moved to dismiss the plaintiff's claims because

---

[1] Compl. – ECF No. 1-2 at 10–17. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Removal – ECF No. 1 at 2.

ORDER – No. 26-cv-02949-LB

they are (1) moot, as SMG and the union have settled the grievance and the plaintiff has returned to work, and (2) preempted by § 301 of the LMRA.[3] The plaintiff opposes the motion on the grounds that her claims are (1) not moot, as her request for over a year's salary remains a live controversy, and (2) are not preempted by the LMRA.[4]

The motion is granted because the plaintiff's claims are preempted by LMRA § 301.[5]

## STATEMENT

SMG employs the plaintiff as a security officer at the Moscone Center.[6] In August 2024, SMG terminated the plaintiff's employment after a manager reported that she was absent without leave (AWOL) during a scheduled shift.[7]

The plaintiff is a member of the Service Employees International Union, United Service Workers West, and her position is governed by a CBA between the union and SMG.[8] The CBA has the following provisions relevant to the plaintiff's claims: it (1) authorizes the employer to take disciplinary action when an employee is AWOL during a scheduled shift and prescribes a disciplinary process, (2) provides "Criteria for Just Cause Discipline," which include a fair and objective investigation and parameters for determining reasonable discipline, and (3) establishes a process for initiating and resolving grievances, which includes "Board of Adjustment" (BOA)

[3] Mot. – ECF No. 7 at 9–12.

[4] Opp'n – ECF No. 18 at 10–19.

[5] The court can resolve the matter without oral argument. Civil L.R. 7-1(b). The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 13, 26.

[6] Compl. – ECF No. 1-2 at 11 (¶ 5); Opp'n – ECF No. 18 at 6.

[7] Compl. – ECF No. 1-2 at 12 (¶¶ 15–19), 14 (¶ 33).

[8] *Id.* at 11 (¶ 5); CBA, Ex. A to Seder Decl. – ECF No. 7-1 at 5–44. The court judicially notices the CBA. *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1142–43 (N.D. Cal. 2019) ("Courts regularly take judicial notice of a CBA in evaluating a motion to dismiss." (cleaned up)); *Hernandez v. Sysco Corp.*, No. 16-cv-06723-JSC, 2017 WL 1540652, at *2 (N.D. Cal. Apr. 28, 2017) ("A court may take judicial notice of a CBA in evaluating a motion to dismiss."); *Johnson v. Sky Chefs, Inc.*, No. 11-cv 05619-LHK, 2012 WL 4483225, at *1 n.1 (N.D. Cal. Sep. 27, 2012) ("Courts routinely take judicial notice of the governing collective-bargaining agreement where necessary to resolve issues of [LMRA] preemption.").

ORDER – No. 26-cv-02949-LB                    2

United States District Court
Northern District of California

meetings.[9] The plaintiff alleges that SMG violated the CBA by (1) failing to conduct a timely investigation before taking disciplinary action for being AWOL, as required by the CBA, (2) terminating her employment without just cause, and (3) failing to comply with an allegedly binding BOA agreement, which resulted in over a year of lost wages.[10]

The plaintiff's union filed a grievance challenging the termination.[11] Pursuant to the CBA's grievance procedures, a BOA was convened on October 29, 2024.[12] The panel agreed to reinstate the plaintiff effective immediately and re-classify the disciplinary action as a three-day suspension but "[did] not agree to the made whole in all ways remedy."[13] The plaintiff alleges that although the October 2024 BOA decision was final and binding, SMG did not reinstate her until after a further BOA meeting was held in January 2026.[14]

After it received the October 2024 BOA agreement, SMG advised the union that under the CBA, the mediator should have presented a non-binding advisory opinion regarding the grievance, consistent with twenty years of practice and the CBA's terms, thus disputing that the agreement was enforceable.[15] The union submitted a grievance on the plaintiff's behalf, contending that the October 29, 2024, agreement was binding.[16] On January 15, 2025, the union and SMG met with the mediator, who "did not arrive at an Advisory opinion on the issue."[17] On June 24, 2025, SMG and union representatives met to discuss the plaintiff's reinstatement, agreeing on key terms to be memorialized in a settlement agreement. SMG circulated a draft agreement in August 2025.[18] The petitioner declined the settlement offer, and the union advanced the case to the BOA step. A

[9] CBA, Ex. A to Seder Decl. – ECF No. 7-1 at 34 (Appendix B, § 4 (discipline)), 36 (Appendix C (Criteria for Just Cause Discipline)), 21–23 (Article XX (grievance process)).

[10] Compl. – ECF No. 1-2 at 11–15 (¶¶ 7–43).

[11] *Id.* at 14 (¶ 34).

[12] *Id.* (¶ 35).

[13] October 2024 BOA Agreement, Ex. A to Compl. – ECF No. 1-2 at 19.

[14] Compl. – ECF No. 1-2 at 14–15 (¶¶ 37–43).

[15] Seder Decl. – ECF No. 7-1 at 2 (¶¶ 8–9).

[16] *Id.* at 2–3 (¶ 10).

[17] *Id.* at 3 (¶ 11).

[18] *Id.* (¶ 12).

meeting was set for November 5, 2025, but was cancelled because the plaintiff refused to participate. The meeting was then reset to January 9, 2026.[19]

Following the further BOA meeting on January 9, union and SMG representatives agreed to (1) reinstate the plaintiff, (2) re-classify her discipline as a three-day suspension, (3) change the reason for discipline from being AWOL to "job abandonment," and (4) grant the plaintiff two weeks of back pay "inclusive of the period between the original panel ruling and the date [she] filed for workers' compensation."[20] The plaintiff returned to work on March 25, 2026, and was paid the two weeks of back pay pursuant to the January 2026 BOA agreement.[21] The plaintiff alleges that she has not been compensated for the nineteen months of lost wages she endured during the disciplinary process.[22] That "financial devastation," she argues, "is the central injury at the heart of this lawsuit."[23]

STANDARD OF REVIEW

**1.  Rule 12(b)(1)**

The jurisdiction of federal courts is limited to cases and controversies. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). The plaintiff has the burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). "A corollary to this case-or-controversy requirement is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Genesis*, 569 U.S. at 71 (cleaned up). "A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tate v. Univ. Med. Ctr. of S. Nevada*, 606 F.3d 631, 634 (9th Cir. 2010) (cleaned up).

The defendant may challenge lack of subject-matter jurisdiction under Rule 12(b)(1). A Rule 12(b)(1) challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

---

[19] *Id.* (¶¶ 13–14).

[20] January 2026 BOA Agreement, Ex. B to Compl. – ECF No. 1-2 at 21.

[21] Seder Decl. – ECF No. 7-1 at 3 (¶ 15).

[22] Compl. – ECF No. 1-2 at 15 (¶¶ 41–43).

[23] Opp'n – ECF No. 18 at 9.

United States District Court
Northern District of California

(9th Cir. 2004). "A 'facial' attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). Under a facial attack, the court "accept[s] all allegations of fact in the complaint as true and construe[s] them in the light most favorable to the plaintiffs." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

In a factual attack, the court "need not presume the truthfulness of the plaintiff's allegations" and "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

**2. Rule 12(b)(6)**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts factual allegations as true and construes them favorably to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint also must plead a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

ANALYSIS

**1. Mootness**

The first issue is whether the plaintiff's claims are moot. The defendant contends that they are because the parties have resolved the underlying dispute through the CBA's grievance procedures, and thus the court is unable to grant any meaningful relief.[24] The plaintiff counters that her

---

[24] Mot. – ECF No. 7 at 9–10; Reply – ECF No. 21 at 2.

requested damages — nineteen months' lost wages — present a live controversy that the court can still meaningfully redress.[25]

The union resolved the parties' disputes through the grievance procedures, which did not result in compensation for the nineteen months of lost wages.[26] When disputes are resolved through binding processes, there is no live dispute for which the court could grant meaningful relief. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ("A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome' of the litigation.").

That said, to the extent that the plaintiff seeks damages for the period between the October 2024 decision and her March 2026 reinstatement, her injury is not necessarily moot. But the defendant's argument — the final settlement is final and binding on the plaintiff and forecloses further recovery — goes to the merits of the claim, which is preempted under the LMRA.

## 2. LMRA Preemption

LMRA § 301 establishes federal jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). It preempts any state claims based on alleged violations of collective-bargaining agreements between employers and labor organizations. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 23 (1983). The test for preemption is whether resolution of the state claim requires the court to construe a provision of the CBA. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988); *Dent v. Nat'l Football League*, 902 F.3d 1109, 1116–17 (9th Cir. 2018). If a state claim is "founded directly on rights created by collective-bargaining agreements" or is "substantially dependent on analysis of a collective-bargaining agreement," then § 301 preempts it. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (cleaned up). But "the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be

---

[25] Opp'n – ECF No. 18 at 10–12.

[26] Seder Decl. – ECF No. 7-1 at 3 (¶¶ 14–15); January 2026 BOA Agreement, Ex. B to Compl. – ECF No. 1-2 at 21.

United States District Court
Northern District of California

extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc); *Dent*, 902 F.3d at 1116 ("The plaintiff's claim is the touchstone of the § 301 analysis." (cleaned up)).

The preemption inquiry thus has two parts. First, a court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059–60 (9th Cir. 2007). Second, if the right underlying the state claim exists independently of the CBA, then the court considers whether the right is "substantially dependent on analysis of a collective-bargaining agreement." *Id.* at 1059 (cleaned up). In short, the plaintiff's claims are preempted where (1) the relief requested "involves a right [that] exists solely as a result of the CBA," or (2) the right asserted under state law "is substantially dependent on analysis of [the CBA]." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152–53 (9th Cir. 2019).

Here, the claims at issue are (1) breach of contract, (2) wrongful termination, and (3) "failure to reinstate/failure to comply with final and binding decision." The defendant moves to dismiss the plaintiff's claims on the grounds that they are preempted by LMRA § 301.[27] The court grants the motion because the claims seek to enforce rights that exist solely as a result of the CBA and are therefore subject to LMRA preemption.

The plaintiff's breach of contract claim rests on her allegations that the defendant "fail[ed] to conduct a fair investigation, violat[ed] mandatory timelines, appl[ied] discipline unequally, ignor[ed] [her] clean record, and fail[ed] to comply with the final and binding October 29, 2024 Board of Adjustment decision."[28] She is alleging violations of rights that exist solely as a result of the CBA, which includes relevant provisions governing discipline, termination, just cause, and the

---

[27] Mot. – ECF No. 7 at 10–12.

[28] Compl. – ECF No. 1-2 at 15–16 (¶ 45).

United States District Court
Northern District of California

grievance process.[29] The plaintiff's breach of contract claim is therefore preempted by LMRA § 301. *Curtis*, 913 F.3d at 1152–53.

As for wrongful termination, the plaintiff claims that the defendant "terminated [her] without just cause, in violation of fundamental public policies favoring fair labor practices and enforcement of collective bargaining agreements," and that the defendant's "stated reasons were pre-textual."[30] A claim for wrongful discharge in violation of public policy is preempted by § 301 of the LMRA where it is (1) "not based on any genuine state public policy" or (2) "bound up with interpretation of the collective bargaining agreement and furthers no state policy independent of the employment relationship." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001–02 (9th Cir. 1987) (cleaned up).

Here, the plaintiff does not plead any factual allegations supporting a claim for an independent violation of state law or policy. Nor does she explain what the underlying reason for her termination actually was, assuming the stated reasons were pretextual. Rather, the allegedly wrongful conduct is the same conduct that underpins her other two claims, and concerns rights that exist solely as a result of the CBA. As such, the plaintiff's wrongful-termination claim is preempted. *Curtis*, 913 F.3d at 1152; *see also Reagans v. AlliedBarton Sec. Servs.*, LLC, No. 12-CV-2190 YGR, 2012 WL 2976766, at *5 (N.D. Cal. July 19, 2012) (wrongful termination concerning discipline preempted by LMRA § 301 where the plaintiff did not plead a public policy independent of the employment relationship and the CBA included provisions that governed the conduct in question).

The plaintiff's third claim for "failure to reinstate" is based on alleged violations of the CBA's grievance process: the October 2024 BOA decision was binding, and her employer failed to comply with it.[31] As the defendant argues, the plaintiff's "rights pursuant to that grievance process, namely, reinstatement under the BOA agreement, derive directly from the CBA and the

---

[29] *See* CBA, Ex. A to Seder Decl. – ECF No. 7-1 at 21–23 (Article XX), 34–36 (Appendix B, §§ 4, 6; Appendix C).

[30] Compl. – ECF No. 1-2 at 16 (¶¶ 48–49).

[31] *Id.* at 15–16 (¶¶ 40, 51–52).

grievance process that led to the putative agreement."[32] Moreover, deciding whether the BOA Agreement was binding would require the court to interpret the CBA's grievance procedures. The plaintiff's third claim is preempted under both prongs of the *Curtis* test. 913 F.3d at 1152–53.

### 3. Leave to Amend

The last issue is whether the plaintiff should be granted leave to amend her complaint to bring a hybrid § 301 claim against the union. The defendant argues that the plaintiff cannot sidestep LMRA preemption, plausibly plead that the Union breached its duty of fair representation under LMRA § 301, or bring a timely § 301 claim, which is barred by the applicable six-month statute of limitations.[33] The plaintiff contends that she has already brought a viable § 301 claim.[34]

Liberally construing the complaint, it attempts to enforce a § 301 claim to enforce the October 2024 decision and to recover damages from SMG's refusal to honor it. An employee may sue to enforce a final and binding grievance resolution. But when, as here, the union (the employee's exclusive bargaining representative) settled the grievance, the employee is bound by that resolution unless she shows the union breached its duty of fair representation. This is a hybrid § 301/fair-representation claim: the plaintiff must plead that the employer breached the CBA and that the union breached its duty of fair representation. A union breaches its duty of fair representation when its conduct is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). If the conduct involves judgment — such as whether to settle or drop a grievance — the plaintiff must show bad faith or discrimination, not mere negligence. *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 880 (9th Cir. 2007).

The applicable statute of limitations for a claim brought under LMRA § 301 is six months from the date "the employee discovers or in the exercise of reasonable diligence should have discovered[] the acts constituting the alleged violation." *Barnes v. Line Drivers, Loc. Pickup &*

---

[32] Mot. – ECF No. 7 at 12.

[33] *Id.* (citing *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 914 (9th Cir. 2006) and *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983)).

[34] Opp'n – ECF No. 18 at 14.

*Delivery Loc. 81*, 232 F. Supp. 2d 1138, 1142 (D. Or. 2001); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983).

The complaint pleads SMG's conduct in detail but, as to the union, alleges only that she did not authorize it to settle her grievance.[35] Lack of authorization is not enough because a union may settle a member's grievance without her consent. *Vaca*, 386 U.S. at 191–92. The two issues are (1) whether the plaintiff can plausibly plead a fair-representation breach, given that the union's settlement secured her reinstatement and some back pay, and (2) timeliness. For timeliness, a hybrid claim does not accrue until the employee knew or should have known of the union's breach. *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). The grievance process continued until January 2026. The complaint refers to the plaintiff's issues with the union's conduct.[36] The issues are close but whether a claim is futile is better resolved on a complete pleading, given that leave to amend is granted liberally. Fed. R. Civ. P. 15(a); *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117–18 (9th Cir. 2013).

**CONCLUSION**

The motion to dismiss is granted. The plaintiff must file an amended complaint by July 13, 2026, and must attach a blackline compare (in color) of the amended complaint against the current complaint. (This is accomplished easily in Microsoft Word via the Compare function.)

This resolves ECF No. 7.

**IT IS SO ORDERED.**

Dated: June 16, 2026

_____

LAUREL BEELER
United States Magistrate Judge

---

[35] Compl. – ECF No. 1-2 at 15 (¶ 38).

[36] *Id.* at 14–15 (¶¶ 37–40).