UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DARLENE C ALEMAN,<br>Plaintiff,<br>v.<br>ASM GLOBAL AT MOSCONE CENTER, et al.,<br>Defendants. | Case No. 26-cv-02949-LB<br>**ORDER**<br>Re: ECF No. 51 |

**INTRODUCTION**

Plaintiff Darlene Aleman sued her employer (defendant SMG) in state court for alleged violations of her rights under her collective-bargaining agreement (CBA) when SMG terminated her employment. SMG removed the case to federal court, asserting preemption under § 301 of the Labor Management Relations Act (LMRA) because the CBA governs the claims that stem from the allegedly wrongful termination. The court granted SMG's motion to dismiss an earlier complaint because (1) SMG and the union settled the grievance and the plaintiff had returned to work, and (2) the claims were preempted by the LMRA. The court gave leave to amend to allow the plaintiff to plead a hybrid § 301 claim against the union: the union settled the grievance, which

binds the plaintiff unless she shows that the union breached its duty of fair representation.[1] The plaintiff filed an amended complaint that added the union, Service Employees International Union (SEIU), as a defendant.[2] SMG moved to dismiss.[3] The issue in this order is service on SEIU.

The plaintiff is representing herself and proceeding in forma pauperis, which allows service via the U.S. Marshal if a complaint is not frivolous (among other grounds). 28 U.S.C. § 1915(e)(2)(B). The court granted the plaintiff leave to proceed in forma pauperis and authorized service by the U.S. Marshal.[4] The problem is that the U.S. Marshal attempted service on SEIU at two addresses (including SEIU's service address on the California Secretary of State's website), was rejected at both addresses, and ultimately was directed to serve SEIU at its counsel's office, which refused service.[5] This order authorizes service by first-class mail and email, subject to the steps identified below.

**STATEMENT**

This section recounts the facts relevant to service.

After the plaintiff added SIEU as a defendant, she submitted a summons identifying SEIU's address as 1650 Harbor Way Parkway, Suite 200, Alameda CA 94502.[6] The court granted the plaintiff's request to proceed in forma pauperis (IFP), authorizing the U.S. Marshal to effect service.[7] To avoid unnecessary strain that service causes on a law-enforcement agency that undertakes service on behalf of the court, the court asked SMG to ask the non-appearing defendant

[1] Order – ECF No. 28 at 1–2, 6–10. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Am. Compl. – ECF No. 30.

[3] Mot. – ECF No. 32.

[4] Order – ECF No. 46.

[5] Summons Returned Unexecuted – ECF No. 51.

[6] Summons – ECF No. 31.

[7] Order – ECF No. 46; *see supra* (discussing the statutory framework for service for IFP cases).

SEIU whether it would consent to the court's deciding SMG's motion to dismiss.[8] SMG emailed SEIU's counsel and received no response.[9]

On September, 3, 2026, at 3:15 p.m., the U.S. Marshal attempted service at the 1650 Harbor Bay Parkway address, was told that service was not accepted at that address, and was provided an address for service of Gabriela Perez – HR, 828 West Washington Boulevard, Los Angeles, California, 90015.[10] This also is SEIU's address for service of process on the California Secretary of State's website.[11] When the U.S. Marshal attempted service at that address, it was directed to Weinberg, Rogers & Rosenfeld, 800 Wilshire Boulevard, Suite 1020, Los Angeles, California, 90017, a law firm that represents unions and presumably is SEIU's counsel. The law firm refused to accept service and "provided no other information."[12]

## LEGAL STANDARD FOR SERVICE

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of

---

[8] Orders – ECF Nos. 38, 42. A motion to dismiss is a dispositive motion that requires the consent of all parties, even non-appearing defendants, before the court can address it. *Williams v. King*, 875 F.3d 500, 503–05 (9th Cir. 2017). That consent does not waive any defenses, including a defense of lack of jurisdiction or improper service (for example). *See, e.g.*, *Feng v. County of Santa Clara*, No. 19-cv-06877-LB, 2019 WL 7194475, at *1 n.1 (N.D. Cal. Dec. 26, 2019); *Harper v. City of Cortez*, No. 14-cv-02984-KLM, 2015 WL 4113825, at *3 (D. Colo. July 8, 2015); *Geiche v. City and County of San Francisco*, No. C 08-3233 JL, 2009 WL 1948830, at *9 (N.D. Cal. July 2, 2009).

[9] Resp. to Order – ECF No. 37.

[10] Summons Returned Unexecuted – ECF No. 51.

[11] *See* https://bizfileonline.sos.ca.gov/search/business (file number 6085293) (listing Gabriela Whitman as the registered agent at the 828 West Washington Boulevard address). The court judicially notices this public record. Fed. R. Evid. 201; *Lee v. County of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *White v. Social Sec. Admin.*, No. 14-cv-05604-JST, 2015 WL 3902789, at *2 (N.D. Cal. June 24, 2015); *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 2604774, at *3 n.1 (N.D. Cal. June 10, 2014).

[12] Summons Returned Unexecuted – ECF No. 51. The court judicially notices information about the law firm's practice from its website, https://www.unioncounsel.net/about-us. Fed. R. Evid. 201; *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (judicially noticing website); *cf. Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2018) (judicial notice can turn on reliability).

service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code. § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substituted service"), *see id.* § 415.20; (3) service by mail with acknowledgement of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

"While the California Code includes no explicit provision for service by email, it provides a broad framework for alternative means of service: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Avoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sep. 6, 2011) (quoting Cal. Civ. Proc. Code § 413.30). Courts have construed Section 413.30 as authorizing service by email where email service "is reasonably calculated to give actual notice to the party to be served," particularly where there is evidence that the defendant is evading service. *See, e.g.*, *id.*; *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *2–3 (N.D. Cal. May 9, 2014); *United Health Servs., Inc. v. Meyer*, No. C 12 6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013).

Federal Rule of Civil Procedure 4(h)(1)(A) allows service of process on corporations and other business entities by any method permitted by the law of the state in which the district court is located or in which service is made. *See* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under California law, a court may authorize service on a corporation through the Secretary of State if (1) the corporation's agent for service has resigned and has not been replaced, and (2) the plaintiff shows by affidavit that process "against [the] domestic corporation cannot be served with reasonable diligence." Cal. Corp. Code § 1702(a). The "reasonable diligence" requirement may be satisfied by showing that process cannot be served (i) on the corporation's designated agent by hand under California Civil Code sections 415.10, 415.20(a), or 415.30(a), or (ii) on the corporation itself under Civil Code sections 416.10(a)–(c) or 416.20(a). *Id.*

## ANALYSIS

Given the failed in-person service attempts, including at the address provided by SEIU and listed as the service address on the Secretary of State's website, there is good cause for alternative service. The court orders the following.

First, the court directs defense counsel to email a copy of this order, the court's earlier orders about the need for service to address the motion to dismiss, and the consent notice to SEIU's counsel and to provide proof of service within two business days. It might also email the documents reflected below in the conclusion, which will be the documents sent by first-class mail.

Second, if the plaintiff is able to obtain a service email address from her union representative, she must provide it to the court within two business days.

Third, the court authorizes service by first-class mail on the union at all three addresses listed in this order and directs the U.S. Marshal to accomplish that service and to post proof of service:

Service Employees International Union (SEIU)
1650 Harbor Way Parkway, Suite 200
Alameda CA 94502

Gabriela Perez – HR
Service Employees International Union (SEIU)
828 West Washington Boulevard
Los Angeles, California 90015

Service International Employees Union (SIEU) c/o
Weinberg, Rogers & Rosenfeld
800 Wilshire Boulevard, Suite 1020
Los Angeles, California, 90017

If the court receives viable emails, it will authorize service by email too. Given the service attempts and SMG's outreach, service by mail (especially to SEIU's address for service of process, where service was attempted in person and rejected) and email is reasonably calculated to give actual notice to SEIU.

## CONCLUSION

The court directs the parties to comply with the above orders and the U.S. Marshal to serve SEIU by first-class mail to the three addresses set forth in the last section and to file proof of service. The U.S. Marshal's service packet must include the amended complaint at ECF No. 30, the returned summons at ECF No. 51, a copy of the docket sheet (which reflects the court's text

orders about service and consent), the dismissal order at ECF No. 28, the motion to dismiss at ECF No. 32, and this order.

**IT IS SO ORDERED.**

Dated: September 20, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California