United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

DARLENE C ALEMAN,

Plaintiff,

v.

ASM GLOBAL AT MOSCONE CENTER, et al.,

Defendants.

Case No. 26-cv-02949-LB

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 32

## INTRODUCTION

Plaintiff Darlene Aleman sued her employer (defendant SMG) in state court for alleged violations of her rights under her collective-bargaining agreement when SMG terminated her employment. SMG removed the case to federal court, asserting preemption under § 301 of the Labor Management Relations Act (LMRA) because the CBA governs the claims that stem from the allegedly wrongful termination. The court granted SMG's motion to dismiss an earlier complaint because the claims were preempted by the LMRA. The court gave leave to amend to allow the plaintiff to plead a hybrid § 301 claim: the plaintiff's union, SEIU, settled the grievance, which binds the plaintiff unless she shows that the union breached its duty of fair representation.[1]

---

[1] Order – ECF No. 28 at 1–2, 6–10. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

The plaintiff filed an amended complaint that, per the court's prior order, adds SEIU as a defendant and pleads a new hybrid § 301 claim.[2] SMG and SEIU move to dismiss the amended complaint under Rule 12(b)(6) on two separate grounds: (1) the plaintiff has not plausibly pleaded that SEIU breached its duty of fair representation and (2) even if she had, her claim is time barred.[3] The plaintiff opposes the motion. She argues that the amended complaint alleges that SEIU breached its duty of fair representation by proceeding with a second BOA hearing and settling her grievance with SMG, without her presence or consent, and that her hybrid § 301 claim is timely because she learned of the Union's alleged bad faith conduct no earlier than January 2026, when the second BOA hearing occurred.[4]

The motion to dismiss is granted. The amended complaint does not plausibly allege that SEIU breached its duty of fair representation. The dismissal is with leave to amend one final time, limited to pleading actual discriminatory, bad faith, or arbitrary conduct by SEIU in the grievance process.

## STATEMENT

The plaintiff — a member of the Service Employees International Union, United Service Workers West (SEIU) — was employed as a security officer at the Moscone Center. Her position is governed by a Collective Bargaining Agreement (CBA) between SEIU and SMG. SMG terminated her employment in August 2024.[5]

SEIU filed a grievance challenging the plaintiff's termination.[6] Pursuant to the CBA's grievance procedures, a "Board of Adjustment" (BOA) meeting was convened on October 29, 2024.[7] The panel agreed to reinstate the plaintiff effective immediately and reduce her discipline

---

[2] Am. Compl. – ECF No. 30.

[3] Mot. – ECF No. 32 at 9–12. SEIU joined the motion to dismiss filed by SMG. Joinder – ECF No. 60.

[4] Opp'n – ECF No. 41 at 10–16.

[5] Am. Compl. – ECF No. 30 at 1–3 (¶¶ 2, 14–17, 19); Seder Decl. – ECF No. 7-1 at 2 (¶ 5). The Seder declaration was filed in support of the first motion to dismiss and the court cited it in its prior order. Order – ECF No. 28. The court previously took judicial notice of the CBA. *See id.* at 2 n.8 (citing CBA, Ex. A to Seder Decl. – ECF No. 7-1 at 5–44).

[6] Am. Compl. – ECF No. 30 at 3 (¶¶ 20–22).

[7] *Id.* at 3–4 (¶¶ 28–33).



United States District Court
Northern District of California

to a three-day suspension with time served and no back pay.[8] SMG contested the agreement's enforceability because the mediator did not provide an advisory opinion; it refused to reinstate the plaintiff.[9] The plaintiff was informed by her union representative that SMG would not reinstate her.[10]

SEIU filed a second written grievance against SMG on November 1, 2024, contending it had breached the October 2024 agreement and demanding the plaintiff's reinstatement.[11] SEIU told the plaintiff that it was requesting arbitration and that she would be notified if the matter passed the union's internal legal review process.[12] The plaintiff alleges that she repeatedly requested information about the status of arbitration, the arbitration never occurred, and she never received an explanation for why it did not go forward.[13]

On January 15, 2025, SEIU and SMG met with the same mediator from the October 2024 hearing, who "did not arrive at an Advisory opinion on the issue."[14] On June 24, 2025, SMG and union representatives met to discuss the plaintiff's reinstatement, agreeing on key terms to be memorialized in a settlement agreement. SMG circulated a draft agreement in August 2025.[15] The plaintiff declined the settlement offer, and SEIU advanced the case to the BOA step, approximately one year after the first BOA hearing.[16]

SEIU encouraged the plaintiff to attend the second BOA hearing and advised her that any settlement reached at the hearing would resolve the case.[17] The plaintiff informed SEIU that she

[8] *Id.* at 5 (¶ 39).

[9] *Id.* (¶ 42); *see also* Seder Decl. – ECF No. 7-1 at 2 (¶ 8).

[10] Am. Compl. – ECF No. 30 at 5 (¶ 43).

[11] *Id.* at 5 (¶¶ 46–47).

[12] *Id.* at 6 (¶¶ 50–52).

[13] *Id.* (¶¶ 53–55).

[14] Seder Decl. – ECF No. 7-1 at 3 (¶ 11). The facts in this paragraph that come from the Seder declaration, which SMG filed with its first motion, are recounted for context, as in the prior order. The plaintiff does not dispute that these events occurred, and the analysis does not depend on them. Opp'n – ECF No. 41 at 7, 9.

[15] Seder Decl. – ECF No. 7-1 at 3 (¶ 12).

[16] *Id.* at 3 (¶¶ 13–14); Am. Compl. – ECF No. 30 at 6–7 (¶¶ 58, 65).

[17] Am. Compl. – ECF No. 30 at 7 (¶ 66).

would not attend.[18] She alleges that she questioned SEIU's decision to pursue a second BOA proceeding instead of arbitration, asked for the contractual basis for that decision, expressed her belief that another BOA hearing "would not adequately resolve the dispute," and requested that the matter proceed to arbitration.[19] SEIU did not provide answers to her questions or identify any provision of the CBA that authorized the union to proceed with the second BOA hearing instead of arbitration.[20]

The second BOA hearing took place on January 9, 2026. SEIU and SMG reached a settlement and SMG agreed to reinstate the plaintiff.[21] The plaintiff returned to work on March 25, 2026, and received two weeks of back pay.[22] The plaintiff alleges that she has suffered damages in the form of lost wages, benefits, seniority, and employment opportunities.[23]

The plaintiff filed her initial complaint in state court on January 29, 2026. SMG removed the case to this court and moved to dismiss. The court dismissed the complaint because the plaintiff's claims were preempted by Section 301 of the LMRA. The court gave leave to amend to allow the plaintiff to plead a hybrid § 301 claim, requiring her to show that the union breached its duty of fair representation in settling her grievance.[24]

In response, the plaintiff amended her complaint to add SEIU as a defendant and assert a new hybrid § 301 claim.[25] On July 29, 2026, SMG moved to dismiss.[26] SEIU joined the motion on October 1, 2026.[27] All parties consented to magistrate-judge jurisdiction.[28]

---

[18] *Id.* (¶ 67).

[19] *Id.* (¶¶ 60–64, 67).

[20] *Id.* at 6–7 (¶¶ 58–64); *see also id.* at 8 (¶¶ 71–72).

[21] *Id.* at 7–8 (¶¶ 61, 75), 10 (¶ 102); Seder Decl. – ECF No. 7-1 at 3 (¶¶ 14–15).

[22] Seder Decl. – ECF No. 7-1 at 3 (¶ 15).

[23] Am. Compl. – ECF No. 30 at 9 (¶ 88), 11 (¶ 103).

[24] Order – ECF No. 28 at 1–2, 6–10.

[25] Am. Compl. – ECF No. 30.

[26] Mot. – ECF No. 32.

[27] Joinder – ECF No. 60.

[28] 28 U.S.C. § 636(c); Consents – ECF Nos. 13, 26, 58. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

United States District Court
Northern District of California

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Threadbare recitals of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts factual allegations as true and construes them favorably to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint also must plead a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

## ANALYSIS

The two issues are whether the plaintiff has plausibly pleaded a hybrid § 301 claim and, if she has, whether the claim is time barred. Because the amended complaint does not plausibly plead a fair-representation breach, the hybrid § 301 claim is dismissed.

### 1. Breach of the Duty of Fair Representation

A hybrid § 301 claim requires the plaintiff to show a breach of the CBA and a breach of the duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983); *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 914–15 (9th Cir. 2006). "The scope of the duty of fair representation is generally coextensive with the scope of the union's statutory authority as the exclusive bargaining agent." *McNamara-Blad v. Ass'n of Prof'l Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002). "Because a union has exclusive statutory authority to represent its members, it has a corresponding legal obligation 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Demetris v. Transp. Workers Union of Am.*, 862 F.3d 799, 804 (9th Cir. 2017) (quoting *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)).

"A union breaches its duty of fair representation 'when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith.'" *Id.* (quoting *Marquez v. Screen*

*Actors Guild, Inc.*, 525 U.S. 33, 44 (1998)). If the conduct involves judgment — such as whether to settle or drop a grievance — the plaintiff must show bad faith or discrimination, not mere negligence. *Beck v. United Food & Com. Workers Union, Loc. 99*, 506 F.3d 874, 880 (9th Cir. 2007). A union's conduct is arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 67 (1991) (citation omitted); *see also Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir. 1985) (a union's conduct is arbitrary if it is "without rational basis" or "reflects a reckless disregard for the rights of the individual employee" (cleaned up)).

The defendants do not dispute that the amended complaint plausibly pleads that SMG breached the CBA.[29] The only issue, then, is whether the plaintiff has plausibly pleaded that SEIU breached its duty of fair representation. She has not.

The amended complaint alleges that SEIU filed a second grievance in November 2024, after SMG refused to comply with the October 2024 agreement; that SEIU informed the plaintiff it would proceed with a second BOA hearing a year later and encouraged her to attend; and that the plaintiff chose not to attend the second hearing because she believed that only arbitration, not additional BOA proceedings, could resolve her grievance.[30] Those allegations support only the conclusion that the union made a judgment about how to resolve the plaintiff's grievance, that it informed her of its decision, and that the plaintiff disagreed with its chosen course of action.[31] That is not bad faith or arbitrary conduct; that is SEIU's discretionary choice about how to resolve a grievance, and its exercise of judgment falls within the "wide range of reasonableness" that a union's actions are afforded. *Air Line Pilots Ass'n*, 499 U.S. at 67 (cleaned up); *Peterson*, 771 F.2d at 1254. That the plaintiff did not authorize SEIU's chosen process or its ultimate settlement

[29] Mot. – ECF No. 32 at 10 n.3.

[30] Am. Compl. – ECF No. 30 at 6–7 (¶¶ 58, 61, 65–69).

[31] Reply – ECF No. 43 at 2 (making this point).

with SMG does not change the result; as the court previously explained, a lack of authorization is not enough because a union may settle a member's grievance without her consent.[32]

The plaintiff concedes that SEIU's decision not to proceed to arbitration is a discretionary judgment and not a fair-representation breach.[33] But she argues that her fair-representation claim is premised on SEIU's separate, subsequent conduct: its participation in a second, "non-contractual" BOA proceeding, and the resulting settlement that served SMG's liability interests over her own.[34] But that is not the fair-representation claim that she has pleaded. The amended complaint alleges no facts supporting an inference of collusion between SEIU and SMG: it pleads that SEIU advanced a grievance on the plaintiff's behalf, pursued a second grievance when SMG did not reinstate her, and entered a settlement with SMG that resulted in her reinstatement.[35] That the grievance process did not align with the plaintiff's preferences or result in her desired outcome does not, without more, support an inference of bad faith or improper motive.[36] *Knowles v. Pac. Gas & Elec. Co.*, No. C 07-2284 CW, 2008 WL 2705097, at *6 (N.D. Cal. July 8, 2008).

The plaintiff's other argument — that SEIU only took action to enforce the October 2024 agreement after it learned she was pursuing legal remedies for SMG's breach — also finds no support in the pleadings.[37] The amended complaint pleads the opposite of inaction; it affirmatively alleges that SEIU filed a second grievance in November 2024, within weeks of the October 2024 BOA hearing.[38] And the January 9, 2026, settlement preceded this lawsuit, which the plaintiff filed on January 29, 2026.[39] The principal case she relies on, *Lewis v. Tuscan Dairy Farms, Inc.*, is distinguishable. There, the court found bad faith where a union official "deliberately misrepresent[ed] to employees a change in their rights guaranteed under the collective bargaining

---

[32] Order – ECF No. 28 at 10 (citing *Vaca*, 386 U.S. at 191–92).

[33] Opp'n – ECF No. 41 at 11.

[34] *Id.* (citing *Vaca*, 386 U.S. at 191–92); *see also id.* at 8.

[35] Am. Compl. – ECF No. 30 at 3 (20–22), 5–8 (¶¶ 46–47, 50–52, 61, 69, 76, 78), 9–10 (¶¶ 93, 102).

[36] Reply – ECF No. 43 at 2–3 (making this point).

[37] Opp'n – ECF No. 41 at 8–9, 15–16.

[38] Am. Compl. – ECF No. 30 at 5 (¶ 46).

[39] Compl. – ECF No. 1-2.

agreement." 25 F.3d 1138, 1143 (2d Cir. 1994). The amended complaint does allege that SEIU said that it was requesting arbitration and would notify the plaintiff if the matter passed the union's internal legal review, and that arbitration never occurred and no one explained why. But a conditional statement that arbitration was under review is not a false one, and a failure to explain a change in course is at most negligence, not bad faith. The amended complaint otherwise pleads that SEIU told the plaintiff it was pursuing a second BOA hearing, invited her to attend those proceedings, and advised her that any settlement reached at the hearing would resolve her grievance.[40] And a settlement that secured her reinstatement and some back pay, though less than she wanted, is not, without more, bad faith.[41]

Because the amended complaint does not plausibly plead a fair-representation breach, it fails to state a hybrid § 301 claim and is dismissed. *DelCostello*, 462 U.S. at 164–65; *Bliesner*, 464 F.3d at 914–15.

**2. Statute of Limitations**

The applicable statute of limitations for a claim brought under LMRA § 301 is six months from the date "the employee discovers or in the exercise of reasonable diligence should have discovered[] the acts constituting the alleged violation." *Barnes v. Line Drivers, Loc. Pickup & Delivery Loc. 81*, 232 F. Supp. 2d 1138, 1142 (D. Or. 2001); *see also DelCostello*, 462 U.S. at 169; *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). For a hybrid claim, this period generally begins to run "when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo*, 793 F.2d at 1509; *Stone v. Writer's Guild of Am. W., Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996).

The plaintiff filed her original complaint in state court on January 29, 2026.[42] SMG contends that the plaintiff's hybrid § 301 claim is time barred because the claim rests on SEIU's 2024

[40] Am. Compl. – ECF No. 30 at 7–8 (¶¶ 65–66, 76).

[41] *Id.* at 7–8 (¶¶ 61, 75), 10 (¶ 102); Seder Decl. – ECF No. 7-1 at 3 (¶¶ 14–15).

[42] Compl. – ECF No. 1-2.

conduct: its filing of the second grievance in November 2024 and its communication of the same to the plaintiff.[43] The plaintiff responds that the hybrid claim is timely because it is predicated on the SEIU's scheduling and participation in the second BOA hearing on January 9, 2026, and the resulting settlement with SMG "that had the effect of cutting off Plaintiff's full legal remedies."[44]

Given the dismissal is with leave to amend (addressed below), the timeliness issue is better addressed on any amended pleading that clarifies the conduct on which the fair-representation breach is predicated. Any amended pleading should specify the timeline of the alleged conduct on which the plaintiff's hybrid § 301 claim is predicated.

### 3. Leave to Amend

A court must give a self-represented plaintiff leave to amend unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (cleaned up). The dismissal turns on pleading deficiencies that are not incurable if the plaintiff can plead additional facts supporting that SEIU acted arbitrarily, discriminatorily, or in bad faith in pursuing the plaintiff's grievance. The court thus dismisses the complaint with leave to amend one final time. The leave is limited to repleading a plausible hybrid § 301 claim that alleges actual arbitrary, discriminatory, or bad faith conduct by SEIU in the grievance process. Any amended complaint must allege facts, not conclusions: what SEIU said or did that was dishonest, discriminatory, or arbitrary, who said or did it, when, and how it harmed the plaintiff.

### 4. The Plaintiff's Challenge to SMG's Name

A final note. In her opposition, the plaintiff challenges SMG's claim that it was erroneously sued as "ASM Global at Moscone Center"; she argues this is a "verifiable misrepresentation" that

---

[43] Mot. – ECF No. 32 at 12 (citing Am. Compl. – ECF No. 30 at 3 (¶¶ 24–27), 5–7 (¶¶ 42–46, 55, 60, 65)).

[44] Opp'n – ECF No. 41 at 9, 12–14.

the court should weigh against SMG's submissions.[45] The court declines this invitation. It need not resolve the issue of SMG's proper name to rule on the motion to dismiss, and — more importantly — the plaintiff's request would draw the court "into a factual dispute which requires credibility determinations, which are inappropriate on a motion to dismiss." *SunPower Corp. Sys. v. SunLink Corp.*, No. C 08-2807 SBA, 2009 WL 10702548, at *7 (N.D. Cal. July 31, 2009). In evaluating a motion to dismiss, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). That is the standard the court has applied in this order, without weighing the credibility of either party.

## CONCLUSION

The motion to dismiss is granted, and the hybrid § 301 claim is dismissed as to both defendants, with leave to amend one final time. Any amended complaint is due within fourteen days of this order and must include a blackline compare of the amended complaint against the current complaint (ECF No. 30). If the plaintiff does not file an amended complaint by that date, the dismissal will be with prejudice, allowing an appeal.

This resolves ECF No. 32.

**IT IS SO ORDERED.**

Dated: October 2, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

[45] *Id.* at 16–19.